United States District Court
Southern District of Texas
**ENTERED**
June 04, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| 7 SANTINI BROTHERS TRUCKING INC., | § § § § | |
| Plaintiff, | § | CIVIL ACTION NO. H-24-656 |
| v. | § § | |
| CITY OCEAN INTERNATIONAL INC and WHEEL PROS, LLC, | § § § § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

The defendant, Wheel Pros, LLC, moves to dismiss the first amended complaint filed by 7 Santini Brothers Trucking Inc. The essential elements of Santini's breach of contract and quantum meruit claims are inadequately pleaded because the complaint fails to distinguish between the two defendants. For that reason, the motion to dismiss is granted, with leave to amend.

**I.     Background**

7 Santini Brothers Trucking Inc. ("Santini") is a "motor carrier of goods." (Docket Entry No. 17 at ¶ 8). Santini alleges that Wheel Pros, LLC hired City Ocean International Inc. "to deliver multiple containers from Bayport Terminal to its warehouses in Grand Prairie and Dallas, Texas." (*Id.* at ¶ 10). Santini alleges that it was hired by City Ocean to transport the containers. (*Id.*). Santini alleges that Wheel Pros "was the consignee on these shipments." (*Id.* at ¶ 13).

Santini alleges that Wheel Pros "failed to pay C[ity] O[cean] in full," causing City Ocean to "place[] a hold in the delivery of multiple containers being held by [Santini]." (*Id.* at ¶ 11). Santini alleges that this hold "result[ed] in per diem charges." (*Id.*). Santini's complaint refers to both Wheel Pros and City Ocean as "Defendant." (*Id.* at ¶ 7). Santini alleges that "Defendant

agreed to compensate [Santini] for [the] transportation services, but Defendant failed to do so." (*Id.* at ¶ 18). Santini alleges that Wheel Pros and City Ocean are "jointly and severally liable to [Santini] for the full, principal amount of $422,673.75." (*Id.* at ¶ 20).

Santini alleges causes of action for breach of contract and, alternatively, quantum meruit. Santini identifies the bills of lading as the contracts that the defendants allegedly breached. (*Id.* at ¶ 22). Santini alleges that the "contracts provided that [Santini] would provide transportation services and Defendant would pay [Santini] for those transportation services." (*Id.* at ¶ 26). Santini alleges that "Defendant breached the contract by failing to tender payment of the amount owed for the transportation services." (*Id.* at ¶ 28).

After Wheel Pros removed this action from state court on the basis of diversity jurisdiction, it moved to dismiss Santini's original complaint. (Docket Entry No. 11). In response, Santini amended its complaint. (Docket Entry No. 17). Wheel Pros now moves to dismiss the amended complaint. (Docket Entry No. 20). Santini has responded, (Docket Entry No. 22), and Wheel Pros has replied, (Docket Entry No. 27). For the reasons set out below, the motion to dismiss is granted. (Docket Entry No. 20).

**II.     The Rule 12(b)(6) Standard**

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-

harmed-me accusation." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

"A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'" *Cicalese v. Univ. Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (alterations omitted) (quoting *Twombly*, 550 U.S. at 558).

A court reviewing a motion to dismiss under Rule 12(b)(6) may consider "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019).

**III.    Analysis**

Wheel Pros moves to dismiss under Rule 12(b)(6), arguing that Santini's first amended complaint (1) is an impermissible shotgun pleading because it does not meaningfully differentiate between Wheel Pros and City Ocean, (2) fails to allege particularized facts, and (3) does not support essential elements of Santini's claims. (Docket Entry No. 20).

3

A.      The "Shotgun Pleading" Argument

The Eleventh Circuit in *Weiland v. Palm Beach County Sheriff's Office* identified four types of "shotgun pleadings—imprecise complaints that fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." 792 F.3d 1313, 1323 (11th Cir. 2015). The fourth type identified in *Weiland* is relevant here: a complaint that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.*

Wheel Pros argues that Santini's first amended complaint is a shotgun pleading because "it continues to intentionally blend its allegations against both defendants together into one nebulous mass, attributes nearly all alleged conduct to both, and makes only sparse specific allegations about either." (Docket Entry No. 20 at 3). According to Wheel Pros, Santini's choice not to differentiate between the defendants leaves its complaint devoid of essential allegations against Wheel Pros. Wheel Pros argues that Santini "does not allege that a contract existed with Wheel Pros because it never supports its conclusory statement . . . that Wheel Pros was a 'consignee' by pleading that Wheel Pros actually accepted the shipments [Santini] is suing over." (*Id.* at 5). Wheel Pros also argues that the complaint "does not allege that Wheel Pros actually took possession of any materials that [Santini] transported on City Ocean's behalf." (*Id.*).

Wheel Pros's argument is meritorious. Santini fails to differentiate between Wheel Pros and City Ocean in critical respects. Santini alleges that "Defendant agreed to compensate [Santini] for [] transportation services, but [] failed to do so," and that Santini "demanded that Defendant

4

pay the amount owed, but Defendant has failed to issue payment." (Docket Entry No. 17 at ¶¶ 18–19). Santini's complaint cites authority holding that "[t]he acceptance of delivery generally establishes consignee liability for unpaid freight charges," but Santini fails to allege facts allowing the reasonable inference that Wheel Pros ever accepted delivery or was a consignee. Instead, Santini alleges that it "provided valuable transportation services for compensation, which Defendant accepted." (*Id.* at ¶¶ 24, 34).

Santini's complaint fails to allege essential elements of the breach of contract and quantum meruit claims because it fails to differentiate between Wheel Pros and City Ocean.

### B.    Breach of Contract

Wheel Pros argues that Santini fails to adequately allege breach of contract because the complaint "does not set forth *anything* specific about the supposed bill of lading contracts with Wheel Pros at issue, let alone which provisions support its purported damages figure." (Docket Entry No. 20 at 9). Wheel Pros argues that the "bills of lading that [Santini] attached to the [complaint] do not contain essential contract terms, nor were the invoices that [Santini] attached directed at Wheel Pros." (*Id.* at 8).

A bill of lading "is the basic transportation contract between the shipper-consignor and the carrier; its terms and conditions bind the shipper and all connecting carriers." *S. Pac. Transp. Co. v. Commercial Metals Co.*, 456 U.S. 336, 342 (1982). When a consignee accepts a shipment of goods, the consignee may be bound by the bill of lading and liable for freight charges. *See Pittsburgh C.C. & St. Louis R.R. v. Fink*, 250 U.S. 577, 581 (1919); *Louisville & Nashville R.R. Co. v. Cent Iron & Coal Co.*, 265 U.S. 59, 70 (1924).

Santini alleges that Wheel Pros hired City Ocean "to deliver multiple containers" to its warehouses, and that City Ocean hired Santini to transport the containers. (*Id.* at ¶ 10). Santini

5

attached invoices and bills of lading to its complaint. Some of those invoices and bills of lading state that delivery was to Wheel Pros. (Docket Entry Nos. 17-8, 17-10, 17-27, 17-29, 17-37). Santini "need not plead a precise accounting [of damages] at this stage," but need only "plead facts showing how the alleged interference damaged it." *Randstad Gen. Partner (US), LLC v. Beacon Hill Staffing Group, LLC*, No. 3:20-CV-2814-N, 2021 WL 8442885, at *7 (N.D. Tex. Aug. 4, 2021). Santini has met that standard by alleging that it suffered $422,673.75 in damages from Wheel Pros and City Ocean's failure to pay per diem charges incurred when City Ocean placed a hold on delivery. (Docket Entry No. 17 at ¶ 11).

    **C.**    **Quantum Meruit**

Wheel Pros argues that Santini fails to state a quantum meruit claim because the complaint "never differentiates Wheel Pros from City Ocean." (Docket Entry No. 20 at 10). Because the complaint does not differentiate between the defendants, Wheel Pros argues that it fails to allege essential elements of the claim, *i.e.*, that Santini rendered "valuable services," which Wheel Pros accepted and "used and enjoyed." (*Id.*). For the reasons set out above, the court agrees.

**IV.**    **Conclusion**

Wheel Pros's motion to dismiss is granted, without prejudice and with leave to amend. (Docket Entry No. 20). Santini may file a second amended complaint addressing the pleading deficiencies no later than **July 8, 2024**. The initial scheduling and pretrial conference is reset to **August 16, 2024, at 10:00 a.m.,** by Zoom, to allow time to amend.

SIGNED on June 4, 2024, at Houston, Texas.

                                                                          Lee H. Rosenthal
                                                      United States District Judge