United States District Court
Southern District of Texas
**ENTERED**
August 27, 2024
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| 7 SANTINI BROTHERS TRUCKING INC., | § § § § | |
| Plaintiff, | § | CIVIL ACTION NO. H-24-656 |
| v. | § § | |
| CITY OCEAN INTERNATIONAL INC and WHEEL PROS, LLC, | § § § | |
| Defendants. | § § § | |

**MEMORANDUM AND ORDER**

The plaintiff, 7 Santini Brothers, is a motor carrier. City Ocean International, Inc., is a company that arranges cargo insurance, customs clearance, transportation, and shipping of imported goods. City Ocean provided logistics services for Wheel Pros, LLC, which was the shipper, consignee, and beneficial owner of cargo that Santini transported.

Santini alleges that City Ocean arranged for it to pick up Wheel Pros's goods from a Texas port and deliver the goods to Wheel Pros's warehouse in Grand Prairie and Dallas, Texas. (Docket Entry No. 33 at ¶ 8). Santini hauled and delivered the goods, but Wheel Pros did not pay City Ocean for delivering the shipments. (*Id.* at ¶ 12). As a result, City Ocean placed a hold on the delivery of the goods. (*Id.*). Santini incurred per diem charges as a result of the hold, which Santini alleges amounted to $422,673.75. (*Id.* at ¶¶ 12, 13, 17). After City Ocean lifted the hold, Santini delivered the goods to the Wheel Pros warehouse. (*Id.* at ¶¶ 14–15). Santini alleges that it has not been paid for the per diem charges incurred before City Ocean lifted the hold. (*Id.* at ¶ 22).

In the second amended complaint, Santini asserts breach of contract claims against both City Ocean and Wheel Pros, and asserts claims for breach of quasi-contract, unjust enrichment, and quantum meruit against Wheel Pros.  Both defendants have moved to dismiss.  (Docket Entry Nos. 36, 41).  City Ocean's motion to dismiss is denied.  Wheel Pros's motion to dismiss is granted as to the claims for breach of contract, quasi-contract, and unjust enrichment, but denied as to the quantum meruit claim.

## I.      The Rule 12(b)(6) Standard

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  (quoting *Twombly*, 550 U.S. at 556).

"A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'"  *Cicalese v. Univ. Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555).  "Conversely, when the

allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (alterations omitted) (quoting *Twombly*, 550 U.S. at 558).

A court reviewing a motion to dismiss under Rule 12(b)(6) may consider "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019).

## II.    Analysis

### A.    The Breach of Contract Claim Against City Ocean

The elements of a claim for breach of contract under Texas law are: "(1) a valid contract existed between the plaintiff and the defendant; (2) the plaintiff tendered performance or was excused from doing so; (3) the defendant breached the terms of the contract; and (4) the plaintiff sustained damages as a result of the defendant's breach." *Atrium Med. Ctr., LP v. Houston Red C LLC*, 546 S.W.3d 305, 311 (Tex. App.—Houston [14th Dist.] 2017), *aff'd*, 595 S.W.3d 188 (Tex. 2020).

Santini alleges that it had a contract with City Ocean to transport goods to the Wheel Pros warehouse.  (Docket Entry No. 33 at ¶ 30).  Santini alleges that it performed the contract by "provid[ing] the [t]ransportation [s]ervices."  (*Id.* at ¶ 31).  Santini alleges that City Ocean breached by "fail[ing] to pay [Santini] for the [t]ransportation [s]ervices in full." (*Id.*).  Finally, Santini alleges that it sustained damages in the form of unpaid per diem charges.  (*Id.* at ¶ 36).

City Ocean argues that Santini has failed to allege that it had "any valid written or oral contract" with City Ocean.  (Docket Entry No. 44 at 4).  City Ocean also argues that the breach of

contract claim against it fails because Santini alleges that Wheel Pros was "the ultimate party responsible for payment of the freight charges." (Docket Entry No. 33 at ¶ 16).

The court finds City Ocean's arguments unpersuasive. Santini has clearly alleged the basic terms of its contractual arrangement with City Ocean. Santini alleges that it was to act as carrier and City Ocean as the forwarder that would pay Santini for the transportation services. Santini alleges, in the alternative, that Wheel Pros had the obligation to pay, which does not preclude Santini from asserting a breach of contract claim against City Ocean.

Santini's breach of contract claim against City Ocean withstands the motion to dismiss.

## B.    The Claims Against Wheel Pros

### 1.    Breach of Contract

Santini argues that it has stated a plausible breach of contract claim against Wheel Pros because City Ocean contracted with Santini in its capacity as Wheel Pros's agent. (Docket Entry No. 46 at 2). So, the argument goes, City Ocean's failure to pay Santini as the contract required is imputable to Wheel Pros as City Ocean's principal.

Santini cites *Strachan Shipping Co. v. Dresser Industries*, 701 F.2d 483 (5th Cir. 1983), in support of the argument that City Ocean acted as agent of Wheel Pros. Far from supporting Santini's position, *Strachan* held that "the forwarder is an independent contractor," not an agent of either the shipper or the carrier, because "neither the shipper nor the carrier retains any substantial control over the forwarder's performance." *Id.* at 488–89. Santini does not allege any facts showing that Wheel Pros exercised a degree of control over "the manner in which [City Ocean] perform[ed] [its] duties" that would distinguish this case from *Strachan*. *Id.* at 488.

Because Santini's breach of contract claim against Wheel Pros depends upon a non-viable agency theory, it is dismissed, with prejudice, because amendment would be futile.

4

### 2.  Quantum Meruit

Santini asserts, as alternatives to its breach of contract cause of action against Wheel Pros, claims for quasi-contractual breach, unjust enrichment, and quantum meruit.  (Docket Entry No. 33 at 9–12).  These are not three separate causes of action under Texas law.  Quantum meruit is the proper cause of action, which is based on a quasi-contract theory and affords an unjust enrichment remedy.  *See Middaugh v. InterBank*, 528 F. Supp. 3d 509, 559 n.8 (N.D. Tex. 2021) ("*Quantum meruit* is a theory of recovery based on the principles of unjust enrichment.  While these theories of recovery are closely related, Texas law recognizes *quantum meruit* as an independent cause of action but it does not extend the same recognition to unjust enrichment.") (citation omitted); *Celanese Corp. v. Coastal Water Auth.*, 475 F. Supp. 2d 623, 639 (S.D. Tex. 2007) ("Restitution and unjust enrichment are remedies, not causes of action.").  Accordingly, the court dismisses Santini's claims for quasi-contractual breach and unjust enrichment.

Quantum meruit "is an independent cause of action that allows recovery when there is no express contract covering the services rendered."  *Middaugh*, 528 F. Supp. 3d at 559.  The cause of action is based on the principle of quasi-contract, which "is a legal fiction, an obligation imposed by law regardless of any actual agreement between the parties."  *Celanese*, 475 F. Supp. 2d at 639; *Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 683–84 (Tex. 2000).  Quantum meruit allows recovery "when non payment for the services rendered would result in an unjust enrichment to the party benefitted [sic] by the work."  *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 606 (5th Cir. 2000).

The elements of quantum meruit are: (1) valuable services rendered or materials furnished; (2) for the person sought to be charged; (3) which services and materials were accepted by the person sought to be charged, used and enjoyed by him; and (4) under such circumstances as

reasonably notified the person sought to be charged that the plaintiff in performing such services was expecting to be paid by the person sought to be charged. *Id.*

Santini argues it has alleged facts sufficient to show that Wheel Pros "was the shipper." (Docket Entry No. 46 at 9).  Santini relies on *O'Boyle Tank Lines, Inc. v. Beckham*, 616 F.2d 207 (5th Cir. 1980), for the proposition that "ordinarily the shipper is presumed primarily liable to the carrier for freight charges for the transportation of goods." *Id.* at 209.  The court continued:

> This presumption may be rebutted by the bill of lading or other facts and documents which indicate another has the true beneficial interest in the goods being shipped. The liability of the consignee for transportation charges may result from an express contract or an implied obligation arising from the consignee's ownership, presumptive ownership, acceptance of the goods, or receipt of the benefits conferred by the carrier.

*Id.* (citing *Louisville & N. R. Co. v. Central Iron & Coal Co.*, 265 U.S. 59, 67, 44 S.Ct. 441, 443, 68 L.Ed. 900 (1924); *States Marine International, Inc. v. Seattle-First National Bank*, 524 F.2d 245, 248 (9th Cir. 1975); *Northwestern Pacific Railroad v. Burchwell Co.*, 349 F.2d 497, 498–99 (5th Cir. 1965)).

The court finds that Santini has plausibly alleged that Wheel Pros was the shipper because it hired City Ocean "to arrange the delivery of multiple containers from Bayport Terminal to its warehouses in Grand Prairie and Dallas, Texas."  (Docket Entry No. 33 at ¶ 8).  As the shipper, Wheel Pros is presumptively "primarily liable to the carrier for freight charges."  *O'Boyle*, 616 F.2d at 209.  None of Santini's other allegations, nor the documents attached to its second amended complaint, rebut this presumption by showing that an entity besides Wheel Pros had "the true beneficial interest in the goods being shipped."  *Id.*  Wheel Pros's presumptive ownership of the goods, "acceptance of the goods, [and] receipt of the benefits conferred by [] [Santini]" gives rise to an implied quasi-contractual obligation to pay transportation charges including the per diem charges at issue in this case.

Wheel Pros argues that it cannot be held liable in quantum meruit because it "never had any notice" of Santini's "expectation to be paid by it before delivery." (Docket Entry No. 36 at 9). However, Santini has alleged that Wheel Pros "accepted delivery of the containers" and "[u]pon [City Ocean]'s failure to make payment, [Santini] submitted its invoices and underlying paperwork to [Wheel Pros]," which also "failed to make payment." (Docket Entry No. 33 at ¶¶ 20–21). Wheel Pros does not identify any document or communication that would support a reasonable belief that another entity had accepted the liability, overriding the ordinary presumption discussed in *O'Boyle*. Nor does Wheel Pros cite authority holding that quantum meruit is inapplicable when a consignee accepts goods without prior express notice that the carrier expects it to pay transportation charges. *City of Corpus Christi v. Heldenfels Bros., Inc.*, on which Wheel Pros relies, is inapposite because it involved the distinct context of payments for materials between construction contractors and subcontractors, not freight charges. 802 S.W.2d 35, 39 (Tex. App.—Corpus Christi–Edinburg 1990), *aff'd*, 832 S.W.2d 39 (Tex. 1992).

Santini's quantum meruit claim withstands Wheel Pros's motion to dismiss.

## III.   Conclusion

City Ocean's motion to dismiss is denied. (Docket Entry No. 39). Wheel Pros's motion to dismiss is granted as to the claims for breach of contract, quasi contract, and unjust enrichment, but denied as to the quantum meruit claim. (Docket Entry No. 36).

SIGNED on August 27, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge